**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4382

MICHAEL GILBERT, a/k/a Roy Smith,
a/k/a Tracy,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-97-352)

Submitted: March 2, 1999

Decided: April 2, 1999

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beth M. Farber, Chief Federal Public Defender, James Wyda, Federal
Public Defender, Baltimore, Maryland, for Appellant. Helen F. Fahey,
United States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Gilbert appeals from his conviction following his guilty plea to conspiracy to possess with intent to distribute cocaine base and heroin. <u>See</u> 21 U.S.C.A. § 846 (West Supp. 1998). On appeal, Gilbert asserts that the plea agreement entered by him was a contract of adhesion containing unconscionable terms such that it should not be enforced. He also contends that the district court should have inquired why the government failed to file a motion under <u>U.S. Sentencing Guidelines Manual</u> § 5K1.1 (1997), based on Gilbert's substantial assistance. Finding no error, we affirm.

Pursuant to a plea agreement, Gilbert pled guilty to the conspiracy charge. As part of the agreement, Gilbert agreed to waive his right to appeal the sentence imposed, forfeit his interest in any asset that had been derived from the sale of controlled substances or used to facilitate the offense, waive his right to challenge the forfeiture of his assets, cooperate fully and truthfully with the government--including testifying at grand juries and trials, be available for debriefing, provide all documents or records in his possession which relate to an area of investigation, submit to a polygraph and stipulate as to the admissibility of the polygraph evidence, and stipulate to his deportability, request an expedited hearing before an immigration judge, and not to contest or seek any relief from deportation. Gilbert also acknowledged that he was satisfied with the services of his attorney. Gilbert signed this agreement as his voluntary consent to its terms.

During the hearing pursuant to Federal Rule of Criminal Procedure 11, the district court inquired whether Gilbert had fully discussed the case with counsel and was satisfied with counsel's representation and whether he was aware of and understood all the terms of the plea agreement, including his waiver of appeal rights, agreement to forfeit assets, and agreement to deportation. Gilbert affirmatively acknowl-

2

edged his understanding of these terms. Gilbert also asserted that the plea agreement contained the entire agreement between the parties, he understood the trial rights he relinquished by pleading guilty, and no threats or promises--other than those in the agreement--induced his plea. Gilbert then entered his plea of guilty and stated that the plea was freely and voluntarily given because he was, in fact, guilty of the offense. The district court subsequently sentenced Gilbert to 360 months imprisonment. Gilbert then noted his appeal.

Gilbert first contends that the plea agreement is unenforceable because it is unconscionable. Gilbert made no attempt in the district court to withdraw his plea. Rather, he raises this issue for the first time in this court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (appellate court generally will not consider issues raised for first time on appeal); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Because Gilbert raises this issue for the first time on appeal, our review is limited to plain error. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (affirming sentence despite government's admitted breach of plea agreement); United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992).

We find no plain error by the district court in accepting Gilbert's plea pursuant to the plea agreement. See United States v. Olano, 507 U.S. 725, 732 (1993). Our review of the agreement reveals no unconscionable terms. Further, during the Rule 11 hearing, Gilbert assured the district court that his decision to enter the plea agreement was voluntarily made. Additionally, Gilbert was free to reject the plea agreement and either plead guilty without an agreement or plead not guilty and proceed to trial. Finding no plain error, we affirm Gilbert's conviction.

Gilbert next argues that the case should be remanded for a hearing in which the district court should determine why the government did not file a motion under USSG § 5K1.1, based on Gilbert's substantial assistance. We find no merit to this argument. The language of the plea agreement provides that the government may seek a departure from the applicable sentencing guidelines pursuant to USSG § 5K or Federal Rule of Criminal Procedure 35(b), "if, in its sole discretion, the United States determines that such a departure is appropriate." Plea Agreement, ¶ 11 (emphasis added). Contrary to the implication

3

of Gilbert's argument, the plea agreement did not require that the government file a motion pursuant to USSG § 5K1.1; rather, it could file a motion under Fed. R. Crim. P. 35(b), or, it could determine that Gilbert did not provide substantial assistance warranting such motion.

In conclusion, we affirm Gilbert's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4